IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEAN H. CHRISTENSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PICEANCE WELL SERVICE, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S PENDING MOTION TO FILE THIRD AMENDED COMPLAINT<br><br><br>Case No. 2:15-CV-272 TS |

This matter is before the Court on Plaintiff's Motion to File Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons discussed below, the Court will grant Plaintiff's Motion.

I. BACKGROUND

Plaintiff Dean Christensen filed a Complaint against Defendant Piceance Well Service, Inc. on April 17, 2015.[1] In the Complaint, Plaintiff alleged negligence against Defendant.[2] Plaintiff filed a Motion to Amend complaint and First Amended Complaint on June 22, 2015.[3] On October 29, 2015, the Court granted Plaintiff's Motion to Amend Complaint.[4]

On December 28, 2015, Plaintiff filed a Second Amended Complaint,[5] and on June 16, 2016, Plaintiff moved the Court for leave to file a Third Amended Complaint.[6] In Plaintiff's

---

[1] Docket No. 1.

[2] *Id.* at 3–4.

[3] Docket No. 14-1.

[4] Docket No. 24.

[5] Docket No. 29.

1

Motion, Plaintiff indicates he wishes to include a second Defendant, Pacific Energy & Mining Co. (PEMC), because Defendant Piceance listed PEMC in its Notice of Intent to Allocate Fault filed on May 5, 2016.[7] Defendant Piceance filed a response to Plaintiff's Motion to Amend on June 30, 2016, stating that it did not generally oppose Plaintiff's Motion.[8]  However, Defendant Piceance opposed Plaintiff amending his breach of warranty cause of action, as it had been dismissed and Plaintiff failed to cure it.[9]  Plaintiff alleges that he cured the breach of warranty claim in his Second Amended Complaint, and that Defendant's failure to raise any issues with the new breach of warranty cause of action was evidence of Defendant's acquiescence to Plaintiff's new claim.[10]

## II.   MOTION TO AMEND

"Motions to add or substitute parties are considered motions to amend and therefore must comply with Rule 15(a)."[11]  Whether a party may amend or request to amend its complaint depends on when the request is made.  Federal Rule of Civil Procedure 15(a) states that parties may move to amend pleadings before trial, either "within 21 days of serving" certain pleadings or at any time afterward "with written consent or the court's leave."[12]  The Rule further states

---

[6] Docket No. 43.

[7] *Id.* at 2.

[8] Docket No. 44, at 2.

[9] *Id.*

[10] Docket No. 45, at 2.

[11] *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *U.S. ex rel. Precision Co. v. Koch Indus.*, 31 F.3d 1015, 1018 (10th Cir. 1994)).

[12] Fed. R. Civ. Pro. 15(a)(1)–(2).

that "[t]he court should freely give leave when justice so requires."[13]  In the current case, the latter time frame applies as it is outside the 21 days after serving pleadings.

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[14]  However, ultimately, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[15]

   1.  *Undue Delay*

"The Supreme Court has emphasized that leave to amend should generally be granted in the absence of any apparent or declared reason to the contrary, such as undue delay."[16]  When deciding whether "a delay is undue, [courts] focus primarily on the reasons for the delay."[17]  In Plaintiff's Motion, Plaintiff cites Defendant's Notice of Intent to Allocate Fault as the reason for seeking to add Defendant PEMC as a party at this point in the process.[18]  Defendant Piceance makes no claim that Plaintiff's Motion is untimely, and Plaintiff's Motion to File Third Amended Complaint was filed 42 days after Defendant Piceance's Notice of Intent to Allocate

---

[13] *Id.* at (a)(2).

[14] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[15] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[16] *Velocity Press v. Key Bank, NA*, 570 F. App'x 783, 788 (10th Cir. 2014) (internal quotation omitted) (citing *Foman*, 371 U.S. at 182).

[17] *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (internal quotations and brackets omitted) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)).

[18] Docket No. 43, at 2.

Fault.  Because the litigation is still in its early stages and Defendant Piceance does not oppose the amendment for undue delay, this factor weighs in favor of amendment.

### 2.  *Undue Prejudice*

Prejudice is the "most important factor" and is generally found "only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[19]  Generally, being unable to prepare a defense occurs when "a subject matter [is] different from what was set forth in the complaint and raise[s] significant new factual issues."[20]

Here, Defendant Piceance does not claim that Plaintiff's Third Amended Complaint would cause undue prejudice, nor does it appear to on its face.  Plaintiff's Motion leaves all facts and claims in place and merely adds a defendant party.  Because the subject matter is not different from that which was set forth in the original Complaint and does not raise any new issues of significant fact, there is no undue prejudice.

### 3.  *Bad Faith*

Filing a motion to amend in bad faith or with dilatory motive means that the party filed the motion for an inappropriate or suspicious reason or to mislead the court.

In the current case, there is no sign that Plaintiff is misusing the process or seeking to mislead the court in requesting to amend his Complaint.  Also, Defendant does not assert that Plaintiff's motion is filed in bad faith or with dilatory motive.  Plaintiff submitted the Motion to File Third Amendment Complaint shortly after Defendant filed the Notice of Intent to Allocate

---

[19] *Velocity Press*, 570 F. App'x at 788 (internal quotations and citation omitted) (citing *Minter*, 451 F.3d at 1207–08).

[20] *Id.*

Parties naming Defendant PEMC as an entity that may have fault in the current action. Therefore, the Court finds no bad faith.

    4.  *Futility*

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[21] "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."[22] Courts have found futility when the statute of limitations has run against newly added parties,[23] and when, even with the amendment, claims are deficient.[24]

Here, Plaintiff amended his breach of warranty claim in the Second Amended Complaint filed December 28, 2015.[25] Defendant Piceance states that amending this cause of action, "to the extent that Plaintiff's claim for breach of warranty fails for the reasons previously stated by the court . . . would be futile."[26] Defendant Piceance has provided insufficient information as to how the amended breach of warranty claim was not cured in Plaintiff's Second Amended Complaint and therefore, in the Third Amended Complaint. If Defendant wishes to provide this court with additional information in the form of a properly supported motion, it may do so. However, for purposes of the current Motion, Plaintiff's earlier cure appears to be sufficient to move the cause of action forward.

---

[21] *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cty. Sch. Dist. No. R–1 v. Moody's Investor's Servs. Inc.* 175 F.3d 848, 859 (10th Cir. 1999)).

[22] *Id.* (citing *Chem. Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997)).

[23] *Jones v. Norton*, 809 F.3d 564, 579 (10th Cir. 2016).

[24] *Bauer v. City and Cty. of Denver*, 642 F. App'x 920, 925 (10th Cir. 2016).

[25] Docket No. 29.

[26] Docket No. 44, at 2.

III.     CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to File Third Amended Complaint (Docket No. 43) is GRANTED.

DATED this 28th day of November, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge