IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEAN H. CHRISTENSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PICEANCE WELL SERVICE, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING TARIQ AHMAD'S PENDING MOTION TO INTERVENE<br><br><br>Case No. 2:15-CV-272 TS |

This matter is before the Court on Tariq Ahmad's Motion to Intervene. For the reasons discussed below, the Court will deny Mr. Ahmad's Motion to Intervene.

## I.   BACKGROUND

On May 5, 2016, Defendant Piceance Well Service, Inc., filed a Notice of Intent to Allocate Fault.[1] That notice listed eight individuals and entities that Defendant believed should be included "on a special verdict form at trial for any cause or contribution they may have had to Plaintiff's claimed damages."[2] Mr. Tariq Ahmad was among those listed because Defendant believed he was a "co- or part-owner" of the well.[3] Mr. Ahmad was originally listed as a "fact witness" in Plaintiff's initial disclosures,[4] and Defendant states Mr. Ahmad is "a manager of Greentown Oil, LLC and the Director/Secretary of Pacific Energy & Mining, LLC," two entities

---

[1] Docket No. 36.

[2] Docket No. 40, at 3, ¶ 12.

[3] Docket No. 36, at 2, ¶ 4.

[4] Docket No. 40, at 2, ¶ 6.

1

that were also included in the Notice of Intent to Allocate Fault.[5]

On May 27, 2016, Mr. Ahmad filed a Motion to Intervene *pro se*.[6] Defendant filed a Memorandum in Opposition to Mr. Ahmad's Motion to Intervene on May 31, 2016, arguing that Mr. Ahmad had not established that he had a right to intervene as a matter of right, that Mr. Ahmad misunderstood the applicable law and procedure, and that his Motion was untimely.[7] On June 16, 2016, Mr. Ahmad filed a Reply to Defendant's Opposition stating that the Defendant's Notice of Intent to Allocate Fault established the "basis for intervention," and that the Defendant's Notice "made Movant a party to the matter."[8]

## II.     MOTION TO INTERVENE

Fed. R. Civ. P. 24 provides two pathways to intervention: intervention of right and permissive intervention. Because Mr. Ahmad did not specify which type of intervention he was requesting, the Court considers Mr. Ahmad's Motion in light of both types.

A. Intervention of Right

There are two situations that create intervention of right.[9] The first is when a movant "is given an unconditional right to intervene by a federal statute,"[10] and the second is when a movant satisfies four requirements.[11] There is no applicable federal statute in this case, so the

---

[5] Docket No. 36.

[6] Docket No. 38.

[7] Docket No. 40.

[8] Docket No. 42, at 1.

[9] Fed. R. Civ. P. 24.

[10] *Id.* at 24(a)(1).

[11] Fed. R. Civ. P. 24(a)(2); *see United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009).

Court reviews the four requirements.

First, the motion to intervene must be timely.[12]  Once it is established that the motion is timely, a movant may intervene if: "(1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[13]  The Tenth Circuit has stated that these "factors . . . are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements."[14]

 1. *Timeliness*

Timeliness is based on a totality of the circumstances assessment.[15]  The factors courts generally consider include: (1) "the length of time since the applicant knew of his interest in the case," (2) "prejudice to the existing parties," (3) "prejudice to the applicant," and (4) "the existence of any unusual circumstances."[16]

Defendant argues that Mr. Ahmad's Motion to Intervene was untimely because the deadline to file a motion to add parties was May 6, 2016.  Mr. Ahmad submitted his motion on

---

[12] Fed. R. Civ. P. 24(a).

[13] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (citing Fed. R. Civ. P. 24(a)(2)); *Coal. of Ariz./N. M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

[14] *Id.* (internal quotations omitted) (citing *San Juan Cty. v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (*en banc*)).

[15] *Porter v. Graves*, 597 F. App'x 964, 967 (10th Cir. 2014) (citing *Sanguine Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

[16] *Id.*

May 27, 2016.  Defendant indicates that Mr. Ahmad was aware of the litigation and the events leading up to the litigation, giving him ample time to intervene prior to the deadline.  Mr. Ahmad responds to Defendant's timeliness argument, stating that he filed in a timely manner after learning about the Defendant's Notice of Intent to Allocate Fault, which was filed on May 5, 2016.

In light of the relevant factors, Mr. Ahmad's Motion is timely.  The deadline to add parties only applies to the parties in this case, of which Mr. Ahmad is not one.  Therefore, the deadline does not apply to him.  Also, he filed a Motion to Intervene soon after the Notice of Intent to Allocate Fault was filed, and Defendant can demonstrate no prejudice to the parties or the presence of unusual circumstances because this case is in the early stages.  Thus, the Court finds the Motion timely.

2.  *Interest*

"[A] mere economic interest is not enough to warrant inclusion of a nonparty."[17]  An interest must arise out of "the subject matter of the suit" in such a way that "warrant[s] intervention."[18]  "At a minimum, the applicant must have an interest that could be adversely affected by the litigation.  But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention."[19]

Mr. Ahmad failed to present any interest in the litigation in either his Motion to Intervene or his Reply to Defendant's Memorandum in Opposition to his Motion to Intervene.  Mr. Ahmad

---

[17] *Statewide Masonry v. Anderson*, 511 F. App'x 801, 804–05 (10th Cir. 2013) (citing *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) (internal quotation marks omitted)).

[18] *Id.* at 806.

[19] *Albert Inv. Co., Inc.*, 585 F.3d at 1392 (internal quotations and brackets omitted) (citing *San Juan*, 503 F.3d at 1199).

indicates that Defendant's Notice of Intent to Allocate Fault is the basis for his Motion to Intervene and that Defendant's Notice is sufficient to make Mr. Ahmad "a party to the matter."[20] In Defendant's Notice of Intent to Allocate Fault, Defendant states it believes that Mr. Ahmad is a co- or part-owner of the subject well. In its reply, Defendant states that Mr. Ahmad has not presented evidence demonstrating any kind of ownership in the well.[21] Defendant informs the Court that Mr. Ahmad was originally listed as a witness to the events leading to the litigation and that he "is a manager of Greentown Oil, LLC and the Director/Secretary of Pacific Energy & Mining, LLC."[22]

While Defendant appears to contradict itself, it points out that Mr. Ahmad's connection is unclear and additional information is required from Mr. Ahmad to determine what interest he may have in the litigation. Defendant's Notice of Intent to Allocate Fault does not define the individuals' or entities' interests in the litigation, only that those non-parties *may* have had some "fault" in the matter.[23] The Notice of Intent to Allocate Fault does not present interests that are obvious. Therefore, Mr. Ahmad's failure to explain his interest warrants denial of his Motion to Intervene under the interest prong.

3. *Impairment*

"[T]he question of impairment is not separate from the question of existence of an

---

[20] Docket No. 42, at 1.

[21] *Id.*

[22] Docket No. 40, at 3, ¶14.

[23] Docket No. 36, at 1.

interest."[24] The Tenth Circuit Court of Appeals has stated that the issue of impairment is a "minimal burden" placed on the movant "to show that impairment of [its] interest is possible if leave to intervene is not granted."[25] In the current case, Mr. Ahmad has not presented any interests he has in the litigation and has not explained how those interests would be impaired if he were unable to intervene. Mr. Ahmad's failure to do so requires denial of his Motion to Intervene under the impairment prong.

   4. *Adequate Representation*

Even if Mr. Ahmad had met the two requirements above, he may still be unable to intervene "if [his] interest is adequately represented by existing parties."[26] The United States Supreme Court has held that this showing is "minimal" and is satisfied when the movant "shows that representation of his interest *may* be inadequate."[27] However, where the movant shows that his interests are "identical to that of one of the parties," there is a presumption of adequate representation.[28]

In the current case, because Mr. Ahmad has failed to present the Court with his interests, it is difficult to determine if the Plaintiff in this case will adequately represent that interest. Although Defendant's Notice of Intent to Allocate Fault says that Defendant believes that Mr.

---

[24] *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978).

[25] *N. M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 540 F. App'x 877, 880 (10th Cir. 2013) (citing *WildEarth Guardians*, 604 F.3d at 1199).

[26] *Tri-State Generation and Transmission Ass'n v. N. M. Public Regulation Comm'n.*, 787 F.3d 1068, 1072 (citing *San Juan*, 503 F.3d at 1203).

[27] *Id.* (emphasis in original) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).

[28] *Id.* at 1072–73 (citing *City of Stillwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996)).

Ahmad has an ownership interest in the well, Mr. Ahmad has presented no information or documentation to confirm this. If, however, Mr. Ahmad does have part ownership of the well, that would likely make his interest identical to that of the Plaintiff, creating a presumption of adequate representation, one that Mr. Ahmad has failed to rebut in his Motion to Intervene and in his Reply.

In summary, while the Motion to Intervene is likely timely, Mr. Ahmad has not met his burden of presenting this Court with the necessary information to determine whether he may intervene as a matter of right. For the above reasons, Mr. Ahmad's Motion for Intervention as a Right is denied.

### B. Permissive Intervention

In the alternative, there are two ways in which a party may be given permissive intervention. The first is when a movant "is given a conditional right to intervene by federal statute; or has a claim or defense that share with the main action a common question of law or fact."[29] In both instances, the motion to intervene is still required to be timely.[30] When doing the analysis for permissive intervention, "the [C]ourt must [also] consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[31] "Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."[32] "The grant of permissive

---

[29] Fed. R. Civ. P. 24(b)(1).

[30] *Id.*

[31] *Id.* at 24(b)(3).

[32] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (10th Cir. 2002) (internal quotation marks omitted) (citing *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)).

7

intervention lies within the discretion of the district court."[33]  Here, no relevant federal statute exists.

Generally, courts first determine whether "an applicant's claim or defense and the main action have a question of law or fact in common."[34]  If the court answers in the affirmative, it is then up to the discretion of the court whether to grant the movant's intervention.[35]  The ways in which courts exercise their discretion regarding permissive intervention is up to each individual court.

In the current case, Mr. Ahmad has not presented any claim or defense that share with the main action a common question of law or fact.  Mr. Ahmad asserts that the Notice of Intent to Allocate Fault creates a sufficient basis for his intervention; however, he fails to indicate why or how the allocation creates that basis.  Even though "strict interpretation of Rule 24 is not necessary,"[36] there is simply no information that lends itself to the Court finding in Mr. Ahmad's favor.  There is no information regarding what interest Mr. Ahmad has in the litigation or in the well, no information regarding whether the resolution of specific questions of fact or law would benefit Mr. Ahmad, and no information regarding how Mr. Ahmad would be prejudiced if he were denied intervention.

Because Mr. Ahmad had the opportunity to clarify his interests in his Motion to Intervene and his Reply to Defendant's Memorandum in Opposition, and he failed to do so, there is

---

[33] *Kane County, Utah*, 597 F.3d at 1135 (citing *Ozarks Rural Elec. Coop.*, 79 F.3d at 1043).

[34] *Kootenai Tribe of Idaho*, 313 F.3d at 1111 (quoting Fed. R. Civ. Pro. 24(b)(2)).

[35] *Id.*

[36] *United States v. Munster Med. Research Found., Inc.*, No. 2:08-CU-350-TLS-PRC, 2016 WL 4607869, at *2 (N.D. Ind. Sept. 9, 2016) (citing *Bunge Agribusiness Singapore Pte. Ltd. v. Dalian Hualiang Enter. Grp. Co.*, 581 F. App'x 548, 551 (7th Cir. 2014)).

insufficient information to determine whether Mr. Ahmad should be granted permissive intervention.  Therefore, the Court denies Mr. Ahmad's Motion for permissive intervention.

III.   Conclusion

It is therefore

ORDERED that Mr. Ahmad's Motion to Intervene (Docket No. 38) is DENIED.

DATED this 28th day of November, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge